CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 28, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **TYREAF I. FLEMING,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00900 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHIEF OF HOUSING MR. POZEG,** | ) | JUDGE JAMES P. JONES |
| **et al.,** | ) | |
| | ) | |
| Defendants. | | |

*Tyreaf I. Fleming, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by placing him in the prison's Restorative Housing Unit (RHU) for approximately thirty days.  Upon consideration of Fleming's Complaint, I conclude that it must be summarily dismissed for failure to state a claim upon which relief can be granted.[1]

---

[1]  The court has presently before it a class action challenging long term solitary confinement in a Virginia prison and the prison's pathways to less severe imprisonment, called the Step-Down Program. *Thorpe v. Va. Dep't of Corrs.*, No 2:20CV00007.  That case involves only the Red Onion State Prison and not Wallens Ridge State Prison, where Fleming is confined.

I. BACKGROUND.

Upon arrival at Wallens Ridge State Prison on September 27, 2025, Fleming "told the staff that [he] fear[s] for [his] life of being on the yard." Compl. 3, Dkt. No. 1. Therefore, he was placed in the RHU, where he remained for over thirty days. When the Multidisciplinary Team (MDT) reviewed his placement around one month after placement, they indicated that "because [he was] not going to the yard that they are going to keep [him] on RHU." *Id.* Fleming asserts that the defendants have circumvented prison policy, causing "harmful effects on [his] psychological well being." *Id.* at 4. He states that he tried to remedy the situation by utilizing the grievance procedure, to no avail. In support of these contentions, he attached reports regarding the MDT's review of his placement, the prison's Operating Procedure regarding the RHU, and his grievances. As relief, Fleming requests an injunction and punitive damages for "violations of [his] rights." *Id.* at 5.

II. DISCUSSION.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To state a claim under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West*

-2-

*v. Atkins*, 487 U.S. 42, 48 (1988).  Although Fleming does not specifically state which constitutional rights the defendants have violated, I will liberally construe his pleading as raising claims under the Eighth Amendment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments and governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  Specifically, "the Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  But "the constitutional prohibition against the infliction of cruel and unusual punishment 'does not mandate comfortable prisons'" and "ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  To state an Eighth Amendment claim, an inmate plaintiff must prove two elements: (1) that the alleged deprivation is objectively "sufficiently serious" and (2) that the prison officials' state of mind was one of "deliberate indifference" to inmate health or safety.  *Farmer*, 511 U.S. at 834.

Fleming's Complaint fails to set forth any facts that would support either prong under *Farmer*. And indeed, the Fourth Circuit has held that confinement in restrictive high-security segregation housing, alone, does not constitute cruel and unusual punishment. *See In re Long Term Admin. Segregation, etc.*, 174 F.3d 464, 471 (4th Cir. 1999). Therefore, Fleming has not stated a claim under the Eighth Amendment.

Although it appears that Fleming has only attempted to raise claims related to cruel and unusual punishments, to the extent that Fleming's Complaint could be construed as alleging a due process violation, it would have no merit. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV § 1. To establish a procedural due process violation, Fleming must satisfy a two-part test. First, he must demonstrate that he had a protected liberty interest in avoiding confinement in the RHU. *See Smith v. Collins*, 964 F.3d 266, 274 (4th Cir. 2020). Second, he must prove that the defendants failed to afford him minimally adequate process to protect that liberty interest. *Id.* However, where Fleming has been housed in the RHU for approximately thirty days, he has not pled a due process violation because prison conditions that do not impose atypical and significant hardship on a prisoner in relation to the ordinary incidents of prison life are not constitutionally protected interests under the Due Process Clause. *See Sandin*

*v. Conner*, 515 U.S. 472, 484 (1995) (holding that thirty days in disciplinary segregation did not present the type of atypical, significant deprivation in which may create a liberty interest); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (concluding that six months in administrative segregation was not atypical).

Furthermore, if I were to glean a retaliation claim from Fleming's Complaint, it, too, would not survive where Fleming has not pled that he engaged in a protected First Amendment activity or that the defendants' decision to place him in the RHU had an adverse effect on his First Amendment rights. *See Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). Insofar as Fleming asserts that his constitutional rights were violated by the defendants' alleged mishandling of his grievances, inmates do not have a constitutionally protected right to participate in a prison grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, a jail official's failure to comply with the jail's grievance procedure does not violate any constitutionally protected right. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

Finally, in the event that Fleming claims that the defendants did not act in accordance with prison policy, such claims must likewise fail. Allegations that prison officers occasionally violate prison policies or procedures do not state any § 1983 claim against them. *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) ("[P]rison officials' failure to follow internal prison policies [is] not actionable under § 1983 unless the alleged breach of policy rises to the level of

a constitutional violation.").  Ultimately, no matter how Fleming intended to present his claims that the defendants violated his constitutional rights, I conclude that he has failed to state a claim upon which relief can be granted.

### III.  CONCLUSION.

For the reasons stated, Fleming's Complaint will be dismissed without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim.  A separate Judgment will be entered.

ENTER:  May 28, 2026

/s/  JAMES P. JONES
Senior United States District Judge